UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-20298-CIV-COOKE/O'SULLIVAN

5AIF MAPLE 2 LLC,

    Plaintiff,

v.

5725 LAGORCE PARTNERS LLC, et al.,

    Defendants.
                                                    /

## REPORT AND RECOMMENDATION

This matter is before the Court on the plaintiff's Motion to Amend Order Denying Plaintiff's Motion for Rule 11(c) Sanctions or, in the Alternative, for Clarification of Order (DE # 19, 4/29/21). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Marcia Cooke, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). (DE# 7, 2/2/21). Having reviewed the applicable filings and law, the undersigned respectfully recommends that the plaintiff's Motion to Amend Order Denying Plaintiff's Motion for Rule 11(c) Sanctions or, in the Alternative, for Clarification of Order (DE # 19, 4/29/21) be **GRANTED** in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff requests the undersigned to amend the April 7, 2021 Order (DE# 17, 4/7/21) that denied as moot the plaintiff's Motion for Rule 11(c) Sanctions (DE# 8, 2/26/21) ("Sanctions Motion") and to grant the plaintiff's Motion for Rule 11(c) Sanctions

(DE# 8, 2/26/21). The plaintiff seeks Rule 11(c) sanctions against the defendants, their counsel and their counsel's law firm, to make them jointly and severally liable for the payment of the plaintiff's attorney's fees incurred in this removal action. Despite entry of an order that required the defendants to file a response to the subject motion by July 26, 2021 and warned that failure to do so could result in a recommendation to grant the motion in its entirety, the defendants have not filed any response as of the date of this Report and Recommendation. The response is past due.

## ANALYSIS

Rule 7.1(c), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> [E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  **Failure to do so may be deemed sufficient cause for granting the motion by default**....

S.D. Fla. L.R. 7.1(c) (emphasis added).

On July 12, 2021, the undersigned entered an Order (DE# 24, 7/12/21) that required the defendants to file their response to the plaintiff's Motion to Amend Order Denying Plaintiff's Motion for Rule 11(c) Sanctions or, in the Alternative, for Clarification of Order (DE # 19, 4/29/21) on or before July 26, 2021. Order (DE# 24, 7/12/21). In the July 12, 2021 Order, the undersigned warned the defendants that failure to file a response to the subject motion may result in an recommendation that the plaintiff's motion be granted in its entirety. Order (DE# 24, 7/12/21)(citing S.D. Fla. L.R. 7.1(c)). As of the date of this Report and Recommendation, the defendants have not filed any

response to the plaintiff's Motion to Amend Order Denying Plaintiff's Motion for Rule 11(c) Sanctions or, in the Alternative, for Clarification of Order (DE # 19, 4/29/21).

The plaintiff requests that the undersigned amend its Order denying the plaintiff's Motion for Sanctions as moot and enter an order granting the plaintiff's motion for Rule 11(c) sanctions. The undersigned recommends that the plaintiff's subject motion be granted, Rule 11(c) sanctions imposed against the defendants, their counsel, and their counsel's law firm jointly and severally liable for the plaintiff's reasonable attorney's fees incurred in this action.

I.      Entitlement to Rule 11(c) Sanctions

Section 1447(c) under Title 28 of the United States Code permits the Court to award attorney's fees when "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citing 28 U.S.C. § 1447(c)). Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal...." 28 U.S.C. § 1447(c). The undersigned has recommended that the Court award reasonable attorney's fees in the amount of $4,225.00 to the plaintiff in the present case.  See Report and Recommendation (DE# 28, 7/29/21).

In the subject motion, the plaintiff argues that an award of attorney's fees under Section 1447(c) does not prevent this Court from awarding attorney's fees under Rule 11(c) of the Federal Rules of Civil Procedure. Motion at 1. See H.R. 100-889, 100th Cong. § 1009 (1988) ("[S]ection 1447(c) will ensure that a substantive basis exists for

requiring payment of actual expenses incurred in resisting an improper removal; civil rule 11 can be used to impose a more sever sanction when appropriate."). "'Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses.'" Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001) (quoting Donaldson v. Clark 819 F.2d 1551, 1556 (11th Cir. 1987); see Hajdasz v. Magic Burgers, LLC, 805 Fed. App'x 884, 889 (11th Cir. 2020) (affirming district court's award of Rule 11 sanctions because the defendant's "invocation of the bad-faith exception to [the removal one-year statute of limitations] was "insupportable"). The undersigned agrees that sanctions are warranted and not precluded by an award of attorneys' fees under Section 1447(c).

      Rule 11(c) authorizes the Court to "impose appropriate sanctions on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c). The plaintiff argues that the defendants' counsel has violated Rules 11(b)(1), (b)(2) and (b)(3). Sanctions Motion at ¶¶ 2, 21, and 34 (DE# 8, 2/26/21).

      Rule 11(b)(1) requires an attorney to "certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the pleading, written motion or other paper "is not being presented [to the court] for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(b)(2) requires certification that "the claims, defenses, and other legal contentions are

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b)(3) requires certification that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

The undersigned finds that the defendants' Notice of Removal was filed for an improper purpose, namely to cause unnecessary delay in the plaintiff completing its foreclosure action, in violation of Rule 11(b)(1) of the Federal Rules of Civil Procedure. The defendants' Notice of Removal was not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law in violation of Rule 11(b)(2). The subject loan was a private, commercial/business purpose loan that was not a federally-backed loan and thus, none of the provisions of the federal CARES ACT apply as alleged by the defendants in their Notice of Removal. Additionally, even if the alleged violations of the CARES ACT actually applied to the subject loan, the removal notice is untimely. The order "from which it may first be ascertained that the case is one which is or has become removable" that triggers the 30-day removal time limit under Section 1446(b)(3) was entered on December 21, 2020, so the defendants' Notice of Removal filed on January 25, 2021 is time-barred. Finally, the factual contentions in the defendants' Notice of Removal lack any evidentiary support and were not specifically identified to the extent where such factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery in violation of Rule 11(b)(3).

In the Order to Remand (DE# 14, 4/6/21)(Cooke, J.), which granted the plaintiff's fee request, the Court explained that

> at least two unusual circumstances ... further justify granting the fee request. First, this is the second untimely attempt by Defendants to remove this same case at the eleventh hour, moments before the public sale ordered by the state court was due to take place. *See* ECF No. 6 at ¶¶ 4,13. Defendants have provided no justification for what appear to be last-minute efforts to unnecessarily prolong litigation to delay this sale. Second, this case appears to be part of a pattern of similar attempts by Defendants' attorney, Mr. Julio Cesar Marrero, to file threadbare removal actions in an apparent effort to delay foreclosure sales. *See TCM Fin., LLC v. Conategi, LLC,* No. 21-CV-20640, 2021 WL 925516, at *3-4 (S.D. Fla. Mar. 11, 2021) (collecting cases and finding similar removals to be "patently frivolous and reflect[ing] pure gamesmanship")....

Order to Remand at 4 (DE# 14, 4/6/21). On May 18, 2021, in the previously filed removal action involving the same parties, Judge Scola sanctioned the defendants' counsel, Julio Cesar Marrero, based on his finding that "[Mr. Marrero] is engaged in bad faith tactics, aimed at delaying foreclosure sales without a basis to do so." Order, *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC and Mark Kreisler,* Case No. 20-24178-CIV-SCOLA (DE# 27, 5/18/21) (Scola, J.). Judge Scola recounted "a non-exhaustive list of instances where judges in this District have identified similar [instances] concerning removals that appear to have been undertaken solely to delay foreclosure sales." Id. at 2-3.[1]

---

[1] See Order to Remand, *5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC and Mark Kreisler,* Case No. 21-CV-20298-MGC (DE# 14, 4/6/21) (Cooke, J.); *TCM Fin., LLC v. Conategi, LLC,* No. 21-CV-20640-BB, 2021 WL 925516, at *3-4 (S.D. Fla. Mar. 11, 2021)(Bloom, J.) (collecting cases involving the same conduct); *MJM Structural Corp. v. Columbus Apts., LLC*, No. 21-CV-20631-KMM, 2021 WL 1762185, at *2-3 (S.D. Fla. April 5, 2021) (Moore, J.) (referring defendants' counsel to "the Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation of his

Based on 

Based on the plaintiff's compliance with the notice requirements of Rule 11[2] and having found that counsel for the defendants' violated Rules 11(b)(1), (b)(2) and (b)(3), the undersigned finds that Rule 11(c) sanctions are warranted against the defendants, their counsel and his law firm.

## RECOMMENDATION

Having received no response from the defendant, the undersigned hereby **RESPECTFULLY RECOMMENDS** that the plaintiff's Motion to Amend Order Denying Plaintiff's Motion for Rule 11(c) Sanctions or, in the Alternative, for Clarification of Order (DE # 19, 4/29/21) **be GRANTED.** The undersigned further **RESPECTFULLY RECOMMENDS** that the defendants, 5725 LaGorce Partners LLC and Mark Kreisler, their defense counsel, Mr. Julio Cesar Marrero, and his law firm, Marrero, Chamizo, Mercer Law, LP, be held jointly and severally liable for the attorney's fees awarded in this action as sanctions for filing the subject removal action in violation of Rule 11(b). It is further

**ORDERED AND ADJUDGED** that the undersigned's Order dated April 7, 2021 (DE# 17, 4/7/21) denying as moot the plaintiff's Motion for Rule 11(c) Sanctions **is**

---

actions in this case, in addition to *Black River Partners I, LLC v. Conategi, LLC*, No. 1:21-cv-20912-KMM (S.D. Fla. Mar. 30, 2021) Order at 3 (DE# 8, 3/30/21).

[2]In the plaintiff's Motion for Rule 11(c) Sanctions (DE# 8, 2/26/21), the plaintiff's counsel certified that the motion "was initially served upon the Defendants, through their counsel, on February 2, 2021, but was not filed or presented to the court at that time. The defendants did not withdraw or appropriately correct their Notice of Removal within 21 days after service of the motion as required by Rule 11. On February 26, 2021, in compliance with Rule 11, the plaintiff filed its motion after the 21 day period expired.

**VACATED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 4th day of August, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE